Timothy J. Hopkins, Esq. Informal Opinion Suffolk County Water Authority No. 98-51 4060 Sunrise Highway Oakdale, N Y 11769-0901
Dear Mr. Hopkins:
You have asked whether a conflict of interests occurs under the following circumstances. The Suffolk County Water Authority (Authority), a public benefit corporation, operates a public water supply and distribution system in Suffolk County under provisions of the Public Authorities Law. You have informed us that when the Authority extends water mains in streets to serve private homes, homeowners are required to hire a private plumber to install a service line from their home to the edge of their property at the street. Service lines are required to be inspected and approved by an Authority employee before the line can be connected to the public water main. The actual hookups are performed by Authority employees.
Your letter indicates that a number of Authority employees while off duty, have been providing private plumbing services to homeowners by installing water service lines. You state that there may be instances where Authority employees have advance notice of the location and the timing of new public water main installations by the Authority and could utilize this inside information to obtain private water line installation business. Neither section 74 of the Public Officers Law, providing ethics standards for State employees and employees of certain public benefit corporations, nor General Municipal Law § 806, providing for codes of ethics for municipal employees, is applicable to the Authority.
You inquire whether it would be an illegal conflict of interests for Authority employees to provide these private plumbing services to homeowners when the same employees, on behalf of the Authority, also inspect the work of other private plumbers and/or fellow employees engaged in private plumbing work. Also, you inquire whether these private plumbing services by off-duty Authority employees are improper if the employees do not perform any inspections of private plumbing work on behalf of the Authority.
In our view, regardless of their Authority duties, employees of the Authority should not accept off-duty employment to install private lines for connection with Authority mains. Public officials should avoid private employment that compromises the ability of public officials to make impartial judgments solely in the public interest. Even the appearance of impropriety should be avoided to maintain public confidence in government. Op Atty Gen (Inf) No. 93-36. These principles apply to the Authority, a public benefit corporation performing an essential governmental service. The question reasonably may arise in the eyes of the public whether private plumbing work performed by Authority employees is held to the same standards of review by the Authority as would otherwise be applied. Review of their private plumbing work by colleagues raises these questions. Certainly, egregious conflicts would occur when information obtained as public employees is used for private gain and where Authority employees engaging in installation of private service lines inspect service line installations by their private sector competitors.
We conclude that employees of the Suffolk County Water Authority should not be employed off duty installing private service lines for homeowners where those service lines are approved by the Authority prior to connection with Authority mains.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions